FICKE v. HESSBERG et al.

(Supreme Court, Appellate Term. February, 1911.)

1. LANDLORD AND TENANT (§ 184*)—RENT—DEPOSIT BY LESSEE—RECOVERY.

Where a lease provided that a deposit by the tenant to secure rent should not be returned unless the tenant performed all the conditions of the lease, where there were several repairs which the tenant should have made but did not, he was not entitled to recover the balance of the deposit retained by the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 154*)—USE OF PREMISES—COVENANTS TO RE-
PAIR—BREACH.

Testimony as to the cost of repair of leased premises consisting of a
blanket estimate, duly excepted to, was not sufficient to sustain a recov-
ery by the landlord for breach of covenant by the tenant to repair.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §
154.*]

3. COSTS (§ 3*)—NATURE OF RIGHT—NECESSITY OF STATUTORY PROVISION.

Costs cannot be imposed, in the absence of statutory authority there-
for, nor unless the party claiming them comes within the statutory pro-
vision.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig.
§ 3.*]

4. COSTS (§ 48*)—DISMISSAL OF COUNTERCLAIM—STATUTORY PROVISION.

The only statutory provision allowing plaintiff costs on recovering a
judgment on defendant's counterclaim being that in Municipal Court Act
(Laws 1902, c. 580) § 332, subd. 4, authorizing costs when the plaintiff's
claim is for less than $50 in amount, and the plaintiff recovers judgment
on the nonappearance of the defendant, plaintiff is not entitled to costs
on the dismissal of a counterclaim where the defendant has appeared.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 48.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by Theodore Ficke against Felix Hessberg and another.
From a judgment dismissing the complaint and counterclaim, both par-
ties appeal. Affirmed on plaintiff's appeal, and modified and affirmed
on defendant's appeal.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Henry D. Merchant, for appellant.
Raphael C. Korn, for respondents.

BIJUR, J. Judgment was rendered in this case in favor of the
defendant, in effect, dismissing the plaintiff's complaint upon the mer-
its, with $15 costs to defendants, and also dismissing the defendants'
counterclaim with $30 costs to the plaintiff. Both parties appeal from
the judgment. The plaintiff sues for 16 days' rent, and accrued in-
terest for several years on $500 at 5 per cent. This $500 was depos-
ited under a lease and was to be paid back to the lessee at the end of
the term with 5 per cent. interest. By an agreement subsequently
made, the $500 was to be applied as rent for the last two months of
the lease; the rent being $250 per month. Sixteen days before the
end of the term, plaintiff was compelled to vacate the premises under
orders of the Building Department, as the structure was claimed to be
in a dangerous condition. The lease provided, inter alia, that the de-
posit should not be returned unless the plaintiff performed all the con-
ditions of the lease on his part. The judgment on this point of the
case in favor of the defendant is correct, as it is uncontradicted that
there were several repairs which plaintiff should have made but did
not.

The counterclaim was for $10,000 for breach of the covenant to
repair. It is not necessary to decide the question whether this cove-

nant was so broad as to hold the tenant to extraordinary as well as ordinary repairs, because the testimony as to the cost of repair was merely a statement of a blanket estimate and duly excepted to as not sufficient and apparently so considered by the court below.

The defendants claim that the item of $30 costs allowed to the plaintiff, upon the dismissal of the counterclaim, is improper. That seems to be true. Costs cannot be imposed in the absence of statutory authority therefor, and they cannot be granted unless the party claiming them comes within the operation of statutory provision. The only provision allowing the plaintiff costs on recovering a judgment upon a defendant's counterclaim is contained in subdivision 4 of section 332 of the Municipal Court act (Laws 1902, c. 580), and costs are there authorized only when the plaintiff's claim is for less than $50 in amount, and the plaintiff recovers judgment on the nonappearance of the defendant, which is not this case.

Judgment upon plaintiff's appeal affirmed, with costs.

Judgment upon defendants' appeal modified by striking therefrom the provision allowing plaintiff costs, and as modified affirmed, with costs. Costs of one party to be offset against those of the other. All concur.